# EXHIBIT A

Case Number: PC-2018-0299
Filed in Providence/Bristol County Superior Court
Submitted: 1/17/2018 9:33:09 AM
Envelope: 1369327
Reviewer: Lynn G.

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                                            SUPERIOR COURT


DEBORAH RAPOZA,

              Plaintiff,

v.                                                        C.A. No.

UNIVERSITY SURGICAL ASSOCIATES,
INC.,

              Defendant.


### COMPLAINT

### Introduction

Plaintiff Deborah Rapoza ("Plaintiff"), by and through her undersigned counsel, hereby brings this complaint against University Surgical Associates, Inc. ("Defendant") based upon its misclassification of Plaintiff as a salaried exempt employee and resultant failure to pay Plaintiff overtime wages to which she is entitled. Plaintiff seeks payment of back wages, punitive damages, liquidated damages, and attorneys' fees and costs based upon the Defendant's misclassification of Plaintiff and unlawful withholding of her overtime wages. In support of this complaint, Plaintiff avers as follows:

### Parties

1.      Plaintiff is an individual who resides at 952 South Main Street, Apt. 1S, Fall River, MA.

2.      Defendant is a corporation organized under the laws of the State of Rhode Island with a principal address of 5 Newman Avenue, 2nd Floor, PO Box 16149, Rumford, RI

Case Number: PC-2018-028
Filed in Providence/Bristol County Superior Court
Submitted: 1/17/2018 9:33:09 AM
Envelope: 1369327
Reviewer: Lynn G.

02916. Defendant is a large, multidisciplinary surgical group.

## Jurisdiction and Venue

3.      This Court has jurisdiction over this matter pursuant to R.I. Gen. Laws §
8-2-14, R.I. Gen. Laws § 28-14-19.2, and 29 U.S.C. § 216(b).

4.      Venue is appropriate pursuant to R.I. Gen. Laws § 9-4-3 and R.I. Gen.
Laws § 28-14-20(c).

## Facts

5.      In February of 2005, Plaintiff was hired by the R.I. Colorectal Clinic
("RICC") as a Medical Assistant and was eventually promoted to Assistant Office Manager.

6.      During her time at RICC, Plaintiff was responsible for performing various
managerial duties and exercised some degree of discretion and supervision.

7.      In October of 2013, Defendant purchased RICC and, as a condition to that
purchase, was required to retain Plaintiff as an employee to work at its Colorectal Surgery
practice located on Collyer Street in Providence, RI.

8.      Plaintiff, who was a salaried Assistant Office Manager while employed by
RICC, made more money than Defendant's existing assistants/secretaries due to her more
substantial job duties at RICC.

9.      Upon her retention by Defendant, Plaintiff kept her salaried classification
and, at the time of her separation from the Defendant in September of 2017, was paid a gross
biweekly salary of approximately $2,100.00.

10.      However, upon her retention by Defendant, Plaintiff was relieved of all of
her managerial duties.

11.      Although she was given the title of "Office Manager," in actuality, upon

2

Case Number: PC-2018-0369
Filed in Providence/Bristol County Superior Court
Submitted: 1/17/2018 9:33:09 AM
Envelope: 1369327
Reviewer: Lynn G.

Defendant's purchase of RICC, Plaintiff was assigned to Dr. Steven Schechter as his assistant/secretary.

12.     Plaintiff was responsible for standard secretarial duties including answering the phone, scheduling patient appointments, billing for surgeries, transcribing dictated letters, ordering office supplies, and calling prescriptions into pharmacies.

13.     Plaintiff did not exercise independent judgment and, instead, was required to obtain management approval for any non-routine decisions.

14.     Plaintiff did not supervise or direct the work of any employees and was not involved in management of the company.

15.     Plaintiff did not have authority to hire or terminate employees and her input and/or recommendations were not solicited in connection with any hiring or termination decisions.

16.     Plaintiff did not interview potential employees, did not know when employees would be hired, punished, or terminated, and was not responsible for employee performance issues whatsoever.

17.     All management duties were the responsibility of Plaintiff's supervisor, the Clinical Office Manager Joanne Rodgers.

18.     All of the other office employees at the Colorectal Surgery practice location (none of whom was employed at the RICC) were also assigned to a single doctor and performed duties identical to Plaintiff's.

19.     However, all of those other employees were paid hourly and none of those employees was paid on a salary basis.

Case Number: 2018-0428
Filed in Providence/Bristol County Superior Court
Submitted: 1/17/2018 9:33:09 AM
Envelope: 1369327
Reviewer: Lynn G.

20.    Plaintiff regularly worked in excess of fifty (50) hours per week. However, due to the fact that she had been classified as a salaried employee, she was never paid overtime wages.

21.    Plaintiff's work schedule was supposed to be 8:30 a.m. through 5:00 p.m., but she was regularly required to come to work a half-hour to an hour early, work through her half-hour lunch, and work until well after 5:00 p.m.

22.    Defendant knew that Plaintiff's job title as "Office Manager" and classification as a salaried employee misrepresented the nature of her job duties and her entitlement to overtime wages.

23.    Defendant willfully, and with reckless disregard for the law, classified Plaintiff as a salaried employee despite the fact that all other office workers who performed identical duties were paid hourly.

24.    Upon information and belief, because of Plaintiff's higher pay at RICC (when compared to the pre-existing pay scale for assistants/secretaries who worked for Defendant), Plaintiff was classified as an exempt salaried employee.

25.    This way, Plaintiff's true hourly wage would be depressed by having her work more than forty (40) hours per week without paying her overtime wages.

26.    As such, upon information and belief, Plaintiff's misclassification was a deliberately designed scheme to make retention of the relatively higher compensated Plaintiff, which was a necessary condition for the purchase of RICC, more palatable for Defendant.

27.    Defendants never had any intention of having Plaintiff maintain her managerial duties and merely sought to depress the wages of their newest assistant/secretary to a level more commensurate with existing staff.

4

Case Number: PC-2018-0189
Filed in Providence/Bristol County Superior Court
Submitted: 1/17/2018 9:33:09 AM
Envelope: 1369327
Reviewer: Lynn G.

28.    This was accomplished as detailed above: by misclassifying Plaintiff and having her work additional hours without overtime compensation.

29.    Plaintiff was misclassified as a salaried employee and she does not qualify under state or federal law under any of the relevant exemptions as a salaried administrative, executive, or professional employee such that she was not entitled to overtime wages.

## COUNT I
### (Payment of Wages – R.I. Gen. Laws § 28-14-9.2)

30.    Plaintiff repeats and realleges Paragraphs 1-29 as if set forth in full herein.

31.    Plaintiff routinely worked well over fifty (50) hours per week while employed by the Defendant.

32.    At no time has Plaintiff ever received overtime pay as required by R.I. Gen. Laws § 28-12-4.1.

33.    The Defendant failed to pay overtime wages because it misclassified Plaintiff as an exempt salaried employee.

34.    Plaintiff does not qualify for any of the statutory exemptions contained in R.I. Gen. Laws § 28-12-4.3.

35.    As a result of these actions undertaken by the Defendant, as described herein, Plaintiff has suffered and continues to suffer damages.

## COUNT II
### (Fair Labor Standards Act – Overtime Wages – 29 U.S.C. § 207(a))

36.    Plaintiff repeats and realleges Paragraphs 1-35 as if set forth in full herein.

37.    Defendant is engaged in interstate commerce.

5

Case Number: ~~PC-2018-0189~~
Filed in Providence/Bristol County Superior Court
Submitted: 1/17/2018 9:33:09 AM
Envelope: 1369327
Reviewer: Lynn G.

38.     Specifically, Defendant regularly deals with, purchases, and sells goods moving in interstate commerce and regularly utilizes the mails, emails, and other instrumentalities of interstate commerce.

39.     Upon information and belief, Defendant has annual gross revenues of more than $500,000.

40.     While working for Defendant, Plaintiff was regularly engaged in interstate commerce.

41.     Specifically, Plaintiff regularly utilized the telephone, mails, and emails, regularly processed credit cards, and otherwise utilized instrumentalities of interstate commerce.

42.     Plaintiff routinely worked over fifty (50) hours per week with no additional compensation for work performed in excess of forty (40) hours.

43.     There is no exemption to the FLSA applicable to Plaintiff or the Defendant.

44.     As a result of these violations of law as described herein, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant including: an award of actual, compensatory, punitive, and liquidated damages in an amount to be set by the jury; attorneys' fees and costs; interest thereon; and such other and further relief as to the Court seems meet and just.

## JURY DEMAND

Plaintiff hereby demands a jury on all claims so triable.

Case Number: PC-2018-0189
Filed in Providence/Bristol County Superior Court
Submitted: 1/17/2018 9:33:09 AM
Envelope: 1369327
Reviewer: Lynn G.

Case 1:18-cv-00098-JJM-LDA   Document 1-1   Filed 02/28/18   Page 8 of 8 PageID #: 11

DEBORAH RAPOZA

By Her Attorney,

ENRIGHT LAW LLC

/s/ Thomas J. Enright
Thomas J. Enright (#7356)
696 Reservoir Avenue
Cranston, RI 02910
(401) 526-2620
(401) 457-7117  FAX
tom@enrightlawoffice.com

DATED:  January 17, 2018

7