UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEBORAH RAPOZA | : | |
| | : | |
| v. | : | C.A. No. 18-098-JJM-LDA |
| | : | |
| UNIVERSITY SURGICAL ASSOCIATES, INC. | : : | |

## ANSWER

Defendant, University Surgical Associates, Inc. ("USA"), hereby responds to Plaintiff Deborah Rapoza's Complaint as follows.

## Introduction

USA admits that Plaintiff purports to bring this action against it based on alleged failure to pay overtime wages to which Plaintiff claims she is entitled, but USA denies that it has violated the law, and further denies that Plaintiff is entitled to any relief whatsoever. USA denies all remaining allegations set forth in the unnumbered introductory paragraph.

## Parties

1. Defendant admits that Plaintiff is an individual. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits that it is a corporation organized under the laws of the State of Rhode Island; however, Defendant denies that it has a principal address of 5 Newman Avenue, Rumford, RI 02916. Defendant affirmatively states that its accounting office is located at 75 Newman Avenue, Rumford, RI 02916. Defendant admits that it is a large, multi-specialty surgical group.

### Jurisdiction and Venue

3.  Paragraph 3 of the Complaint merely sets forth the jurisdictional basis for the action in this Court and no responsive pleading is required.

4.  Defendant admits that venue would have been appropriate in Rhode Island Superior Court.  Defendant further states that the action having been removed to United States District Court for the District of Rhode Island, that venue is appropriate in this Court.  To the extent Paragraph 4 of the Complaint avers that USA committed any acts or omissions in violation of the law, those allegations are denied.

### Factual Allegations

5.  Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 5 of the Complaint.

6.  Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 6 of the Complaint.

7.  Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.  Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 8 of the Complaint.

9.  Defendant admits that Plaintiff was paid on a salaried basis by Defendant.  Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff was a salaried employee prior to becoming employed by Defendant.  Defendant admits that at the time of her separation from employment with Defendant in September 2017, Plaintiff was being paid a biweekly salary of approximately $2,100.  Responding further, Defendant affirmatively states that at the time of her separation, Plaintiff's biweekly salary was $2,112.21.

10.  Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Paragraph 12 of the Complaint lists some of Plaintiff's duties. To the extent that Paragraph 12 purports to be a complete description of Plaintiff's duties and responsibilities during her employment with Defendant, Paragraph 12 is denied.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegation that Plaintiff regularly worked in excess of fifty (50) hours per week. Defendant admits that Plaintiff was not paid overtime wages.

21. Defendant admits that Plaintiff's regular work schedule was 8:30 a.m. to 5:00 p.m. Monday through Friday. Defendant denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## Count I

30. Defendant repeats and re-alleges each and every response to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff did not receive overtime pay. To the extent Paragraph 32 of the Complaint avers that Defendant was legally required to pay overtime compensation to Plaintiff at any time, those allegations are denied.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

## Count II

36. Defendant repeats and re-alleges each and every response to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegation that Plaintiff routinely worked over fifty (50) hours per week. Defendant admits that Plaintiff did not receive additional compensation for work performed in excess of forty (40) hours in a week.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## General Denial

USA denies each and every allegation stated in or implied by the paragraphs, headings and subheadings of the Complaint that has not been expressly admitted above.

## Affirmative and Other Defenses

The following affirmative and other defenses are alleged on information and belief by USA and except as expressly stated otherwise, each defense applies to the entire Complaint and to each purported cause of action or claim for relief therein.  USA reserves the right to amend or withdraw any or all defenses or to raise any and all additional defenses as or after they may become known during or after the course of investigation, discovery or trial.

No assertion of any affirmative or other defense shall constitute either (a) an admission that Plaintiff does not bear the burden of proof or the burden of producing evidence on any element of any cause of action or claim for relief or on any issue as to which Plaintiff bears the burden of proof or the burden of producing evidence as a matter of law, or (b) a waiver of USA's right to require that Plaintiff satisfies any burden of proof or burden of producing evidence.

## Second Defense

The Complaint fails to state a claim upon which relief can be granted.

## Third Defense

By virtue of her job duties and responsibilities, and because she was paid on a salary basis, Plaintiff was at all times exempt from receiving overtime pay under applicable Rhode Island and federal law.

### Fourth Defense

By their conduct and actions, Plaintiff and Defendant mutually understood and agreed that Plaintiff would not be eligible for overtime compensation in her position as Clinical Office Supervisor for Defendant.

### Fifth Defense

By her conduct, actions and inactions, Plaintiff expressly and/or implicitly accepted payment for her services that plainly included her regular agreed-upon salary only and no additional compensation for alleged overtime work; accordingly, Plaintiff is now estopped from asserting any claim based on alleged unpaid overtime compensation.

### Sixth Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Defense

USA's actions respecting the subject matter alleged in the Complaint and each cause of action therein were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further USA's purpose of engaging in and continuing its business.  Specifically, USA's actions were based upon a reasonable belief that such actions were not in violation of the FLSA or the RIPWA.  Accordingly, liquidated damages are unwarranted and inappropriate.

### Eighth Defense

The Complaint and the purported claims for relief therein are barred, in whole or in part, to the extent Plaintiff seeks relief for any purported claims that were not brought before the expiration of the applicable statute of limitations, including, but not limited to, those set forth in the FLSA, 29 U.S.C. § 255(a), and RIPWA, R.I. Gen. Laws § 28-14-19.2(g).

### Ninth Defense

Plaintiff delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

### Tenth Defense

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the doctrines of estoppel and waiver because of Plaintiff's acts and conduct.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of express or implied waiver.

### Twelfth Defense

Plaintiff's claims fail as a matter of law because Plaintiff is exempt from the overtime provisions of the FLSA and the RIPWA and all other applicable laws and regulations.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, because the time periods for which Plaintiff is claiming entitlement to overtime pay fall within the *de minimis* exception.

### Fourteenth Defense

The RIPWA claim asserted in Plaintiff's Complaint must be dismissed because Plaintiff failed to pursue and/or exhaust her administrative remedies prior to filing her RIPWA claim.

### Fifteenth Defense

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred to the extent Plaintiff received proper payment for all hours worked, and any uncompensated time was *de minimis*.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by accord and satisfaction and/or payment.

### Seventeenth Defense

USA denies that Plaintiff is entitled to recover punitive damages based on the allegations set forth in the Complaint.  USA further states that the imposition of punitive damages violates the provisions of the due process clause, equal protection clause, excess fines clause and other clauses contained in the Constitutions of the United States and Rhode Island.  Further, the correct burden of proof for the imposition of punitive damages is by "clear and convincing evidence" and/or "beyond a reasonable doubt." Any lesser standard violates the provisions of the due process clause of the Constitutions of the United States and Rhode Island.

### Eighteenth Defense

USA presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.  USA reserves the right to assert additional affirmative defenses in the event that investigation and discovery indicate they would be appropriate.  USA reserves the right to amend its Answer to assert any and all additional Affirmative Defenses if subsequent investigation so warrants.

**WHEREFORE**, Defendant respectfully requests that this Court deny Plaintiff all of the relief she seeks, enter judgment in favor of Defendant, and award Defendant its attorneys' fees and costs for defending this action.

        Defendant,
        UNIVERSITY SURGICAL ASSOCIATES, INC.
        By its attorney,

        */s/ Michael D. Chittick*
        MICHAEL D. CHITTICK (#5967)
        ADLER POLLOCK & SHEEHAN P.C.
        One Citizens Plaza, 8th Floor
        Providence, RI  02903-1345
        Tel:  401-274-7200
        Fax:  401-751-0604
        mchittick@apslaw.com

Dated:  March 7, 2018

## CERTIFICATE OF SERVICE

     I hereby certify that on March 7, 2018, a true copy of the within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.  Service on the counsel of record listed below has been effectuated by electronic means.

    Thomas J. Enright, Esq.
    ENRIGHT LAW LLC
    696 Reservoir Avenue
    Cranston, RI 02910
    tom@enrightlawoffice.com

        */s/ Michael D. Chittick*

890319.v1